HPS-130  (August 2006)                                           August 31, 2006
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **05-2828**

FA LI YUAN

v.

JAMES SHERMAN, Warden, Federal Correctional Institution, McKean
             (W.D. Pa. Civ. No. 05-cv-19E)

Present:          SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

             Submitted are:

    (1)    By the Clerk for possible summary affirmance; and

    (2)    Petitioner's summary affirmance response

           in the above-captioned case.

                                    Respectfully,

                                    Clerk

MMW/BNB/ghb

_____ORDER_____

"[T]he exercise of judicial power depends upon the existence of a case or controversy." Chong v. District Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001). An action becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (citations omitted). A court's ability to grant effective relief lies at the heart of the mootness doctrine. See County of Morris v. Nationalist Mvmt., 273 F.3d 527 533 (3d Cir. 2001). The Petitioner challenged the Bureau of Prisons' ("BOP") calculation of good conduct time, seeking as relief the award of more days of good conduct time, which would reduce his terms of imprisonment. According to the BOP's Inmate Locator, the Petitioner has since been released from incarceration. We are thus unable to fashion any meaningful relief. Accordingly, the appeal is dismissed as moot.

                                    By the Court,
                                    /s/ Leonard I. Garth
                                    Circuit Judge

*A True Copy*
*Marcia M. Waldron, Clerk*

Dated: September 14, 2006

nmb/cc:    Michael L. Ivory, Esq.
           Thomas W. Patton, Esq.